# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

CITIZENS & NORTHERN BANK,

                                                Plaintiff,

                                                                            DECISION & ORDER

                        -vs-
                                                                            09-CV-6385-CJS

PEMBROOK PINES MASS MEDIA, N.A.,
CORP. and ROBERT J. PFUNTNER,

                                                Defendants.

## APPEARANCES

For Plaintiff:                              Angela Z. Miller, Esq.
                                            Keith M. Brandofino, Esq.
                                            William H. Baaki, Esq.
                                            Phillips Lytle LLP
                                            3400 HSBC Center
                                            Buffalo, NY 14203
                                            (716) 847-7060

For Defendant Pembrook Pines Mass           Stephen A. Donato, Esq.
Media, N.A., Corp.:                         Bond, Schoeneck & King
                                            One Lincoln Center
                                            Syracuse, NY 13202
                                            (315) 218-8336

## INTRODUCTION

**Siragusa, J.** This case is before the Court on Pembrook Pines Mass Media, N.A.,

Corp.'s ("Pembrook") motion, Mar. 16, 2012, ECF No. 23-2, seeking,

> an Order confirming Pembrook's authority to file a chapter 11 bankruptcy
> petition with the United States Bankruptcy Court for the Western District of
> New York, or in the alternative, pursuant to Rule 59(e) of the Federal Rules
> of Civil Procedure and Local Rule 7(d)(3), for reconsideration of portions of
> the Court's Receiver Order entered on March 1, 2012…

*Id*. at 1–2. For the reasons stated below, Pembrook's application is denied.

## BACKGROUND

Citizen's and Northern Bank ("the Bank") filed its complaint against Pembrook and Robert J. Pfuntner (collectively "Borrowers") on July 30, 2009. In the complaint, the Bank alleged facts supporting diversity jurisdiction and claimed that Pembrook and Pfuntner had defaulted on loans the Bank made to them. On March 15, 2010, the Clerk entered a default against the Borrowers. Subsequently, the Bank moved for a default judgment, July 29, 2010, ECF No. 5. In its moving papers, the Bank stated that it served the complaint and summonses on the Borrowers on October 6, 2009, and that neither appeared or answered within the time permitted under Federal Rule of Civil Procedure 12(a)(1)(A). The Court ordered the Clerk to enter judgment for the Bank against both defendants in the amount of $233,479.35, plus interest from March 12, 2010, through the date the judgment was entered, at a rate of $25.38 per day, Decision and Order, Sept. 7, 2010, ECF No. 6. The Clerk entered judgment on September 17, 2010, ECF No. 7. On July 20, 2011, the Bank and the Borrowers signed a Forbearance Agreement which, by its terms, terminated on January 31, 2012 or upon breach or default by the Borrowers, whichever occurred earlier.

In early January 2012, the Bank, in accordance with Federal Rule of Civil Procedure 69(a), sought the appointment of a Receiver pursuant to section 5228 of the New York Civil Procedure Law and Rules, Motion to Appoint Receiver, Jan. 4, 2011, ECF No. 9. In an affidavit filed in support of the Bank's motion, William H. Baaki, Esq., stated that the Borrowers owned and operated radio stations and held licenses from the Federal Communications Commission ("FCC"), and that Pembrook was still generating revenue from its operation of the radio stations. Baaki Aff. ¶¶ 5–6. Further, Mr. Baaki stated that since the radio station licenses were unique properties, the execution of the judgment

against the assets would not achieve as high a value as a private sale conducted by a Receiver,  who was knowledgeable about the sale of FCC broadcast licenses and could ensure compliance with FCC rules pertaining to the sale of those licenses. *Id*. ¶ 11. In regard to the Bank's application for a Receiver, the Court issued an Order to Show Cause, which was personally served on Pembrook and on Pfuntner on February 11, 2011. At the Show Cause hearing on February 18, 2011, Mr. Baaki appeared for the Bank and no one appeared for either of the defendants. Consequently, on March 1, 2012, ECF No. 21, the Court appointed Richard A. Foreman as Receiver over Pembrook ("Receiver Order"). The appointing order also restrained anyone but Mr. Foreman from filing a bankruptcy petition on behalf of Pembrook ("the Bankruptcy Injunction").

On March 8, 2012, Pembrook filed a Chapter 11 voluntary petition in the Bankruptcy Court, Western District of New York. *In re Pembrook Pines Mass Media, N.A., Corp.*, No. 2-12-20379-PRW (Bk. W.D.N.Y. Mar. 8, 2012). The Bank moved to dismiss the petition based upon the terms of the Court's Order containing the Bankruptcy Injunction. On March 16, 2012, the Honorable Michael J. Kaplan suspended the proceedings in the Bankruptcy case,  pursuant to Section 305(a) of the Bankruptcy Code,  and relieved the Bank of the automatic stay, "in recognition of the Order Appointing Receiver…" entered in this case. Order Granting in Part Motion of Citizens & Northern Bank for an Order (A) Dismissing the Chapter 11 Case, or, in the Alternative, (B) Providing Relief from the Automatic Stay, or, in the Alternative, (C) Providing Adequate Protection and Continuing the Receivership, *In re Pembrook Pines Mass Media, N.A., Corp.*, No. 12-20379 (Bk. W.D.N.Y. Mar. 16, 2012).

In its pending application before this Court, Pembrook argues that the Receiver Order cannot abrogate its fundamental right to commence a  Bankruptcy proceeding, and,

therefore, asks the Court to reconsider the Bankruptcy Injunction contained in the Order. Following oral argument on March 22, 2012, the parties, at the Court's invitation, filed additional papers in support of, and opposition to, Pembrook's motion.

## STANDARD OF LAW

As the Fifth Circuit has recognized, "[t]here is no motion for 'reconsideration' in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). However, a motion for reconsideration filed within ten days of the district court's judgment is construed as a Rule 59(e) motion that suspends the time for filing a notice of appeal. *See id.*" *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)."The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## ANALYSIS

In support of its opposition to the Bankruptcy Injunction, Pembrook  argues  that since Congress bestowed the fundamental right to file a petition in Bankruptcy, only Congress may limit that right. Pembrook's Suppl. Mem. of Law at 2. Further, Pembrook maintains that a Federal court may only limit access to Bankruptcy, "when construing federal laws such as the federal securities and racketeering laws." *Id.* On this point,

Pembrook contends that, since the Receivership was created by New York State law, the Court is without authority to limit Pembrook's access to Bankruptcy: "A District Court … may enjoin an entity or individual from filing a bankruptcy petition only when a federal agency receivership is in place and only under certain limited circumstances involving established fraud and/or the debtor's express written consent to receivership." *Id*. at 3. Additionally, Pembrook disputes that it consented to the receivership by failing to participate in the action until after the Receiver Order.

The Bank responds that Pembrook and Pfuntner[1] did consent to the entry of a Receiver Order, since each signed a Forbearance Agreement with the Bank on July 20, 2011, a copy of which the Bank has provided. Angela Z. Miller, Esq., letter to the Court (March 23, 2012), ECF No. 35. The Forbearance Agreement states in pertinent part as follows:

> (C) Effect of Forbearance Termination. On termination of the Forbearance Period ("Termination"), the Indebtedness is payable in full and the Lender may exercise and enforce the Lender's respective rights and remedies under the Loan Documents, this Forbearance Agreement, the Actions,[2] the Judgments and applicable law, without the requirement of any further notice or other action by the Lender. The Borrowers agree not to contest any such lawful exercise by the Lender of such rights and remedies. All of the Lender's rights and remedies hereunder or under the Loan Documents and Judgments are cumulative. Upon Termination, the Borrowers shall not oppose and each shall cooperate fully with the Lender in realizing upon and maximizing the value of the Lender's collateral and consents to the Lender's sale or disposition of its collateral by public or private sale or any other means allowed by applicable law. Such cooperation shall include, but not be

---

[1] Robert J. Pfuntner has not participated in this action to date. Pembrook's counsel informed the Court during oral argument that Pfuntner was seeking a lawyer to represent himself. The Court agreed to delay signing a new Order appointing a Receiver for Pfuntner's property for a reasonable time.

[2] Presumably a reference to this lawsuit, as well as a State court lawsuit, since both are described in more detail in the Forbearance Agreement.

limited to, surrender in place of the collateral for sale or disposition thereon (at the Lender's option) and the daily turnover of all cash collateral to the Lender and accounting therefor. All of the foregoing obligations may be enforced by injunctive relief without bond to which the Borrowers hereby consent notwithstanding the existence of and in addition to remedies at law.

*Id.*

Pembrook relies in great part on *In re Yaryan Naval Store Co.*, 214 F. 563 (6th Cir. 1914) and *In re Prudence Co., Inc.*, 79 F.2d 77, 80 (2d Cir. 1935), to support its position that appointment of a Receiver does not deprive Pembrook's directors of the power to file a petition in bankruptcy. In *Yaryan*, the Sixth Circuit determined that the terms of the injunction issued by a Federal district court in Georgia did not prohibit the company from filing for bankruptcy. However, in *SEC v. Byers*, 609 F.3d 87, 92 (2d Cir. 2010), the Second Circuit stated, "as *Royal Business* makes clear, this Circuit rejected *Yaryan*." In *Royal Business*, the Second Circuit determined that, "the consensual receivership and subsequent provision of fresh capital by the SBA limit Royal's right to file a Chapter 11 petition without the district court's consent." *Royal Business Funds Corp.*, 724 F.2d 12, 15 (2d Cir. 1983). It is true that In *Prudence Co.*, the Second Circuit wrote that, "[i]t is well settled that the appointment of receivers for a corporation does not deprive its directors of the power to file a petition in bankruptcy." *In re Prudence Co.*, 79 F.2d at 80. However, as the Bank points out in its memorandum, the rationale behind the decisions in many of the older cases relied on the Bankruptcy Code's conferral of the right to file on all persons and corporations and that, "[r]ights and privileges so positively bestowed, cannot be destroyed, denied, or abridged by any power save that which created and brought them into being." *In re Yaryan Naval Stores*, 214 F. at 565. Here, the Bankruptcy Injunction does not prevent Pembrook

from voluntarily filing a petition in Bankruptcy Court. Instead, it gives the authority to make that decision to the Receiver.

The Court determines that by its failure to appear and defend against the lawsuit, its failure to appear and defend against the motion to appoint a Receiver, and its voluntary agreement "not to contest any such lawful exercise by the Lender of such rights and remedies," Forbearance Agreement ¶ C. Pembrook has forfeited its ability to file for bankruptcy without this Court's consent. Accordingly, the Court denies Pembrook's motion to reconsider its prior decision with regard to the Bankruptcy Injunction and denies Pembrook's application to permit the Bankruptcy petition to go forward.

## CONCLUSION

Pembrook Pines Mass Media, N.A., Corp.'s motion, ECF No. 23, for an Order confirming its authority to file a Chapter 11 Bankruptcy Petition, is denied, as is its application for alternative relief to reconsider the Court's Order Appointing a Receiver.

IT IS SO ORDERED.

Dated:   April 3, 2012
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge