# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

CITIZENS & NORTHERN BANK,

Plaintiff,

-vs-

PEMBROOK PINES MASS MEDIA, N.A.,
CORP. and ROBERT J. PFUNTNER,

Defendants.

DECISION & ORDER

09-CV-6385-CJS

---

## APPEARANCES

For Plaintiff:                                    Angela Z. Miller, Esq.
                                                  William H. Baaki, Esq.
                                                  Phillips Lytle LLP
                                                  3400 HSBC Center
                                                  Buffalo, NY 14203
                                                  (716) 847-7060

For Defendant Pembrook Pines Mass                 Camille W. Hill, Esq.
Media, N.A., Corp.:                               Stephen A. Donato, Esq.
                                                  Bond, Schoeneck & King
                                                  One Lincoln Center
                                                  Syracuse, NY 13202
                                                  (315) 218-8336

## INTRODUCTION

**Siragusa, J.** This case is before the Court on a motion by Pembrook Pines Mass

Media, N.A., Corp. ("Pembrook") and Robert J. Pfuntner, filed on September 5, 2012, ECF

No. 74, seeking,

> Orders: (i) pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure
> ("FRCP") and § 5240 of the New York Civil Practice Law and Rules
> ("CPLR"), staying the pending sale of Pembrook's radio station assets (the
> "Asset Sale") currently being conducted by receiver Richard A. Foreman &

Associates (the "Receiver") on the ground that the Defendants are prepared to redeem the assets proposed to be sold by paying in full the Federal Court Judgment (defined below), plus accrued interest, and paying the amount of the Bank's attorneys fees and expenses that may be awarded by this Court; (ii) pursuant to Rule 60(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1961, fixing the amount of post-judgment interest due under the Federal Court Judgment; (iii) pursuant to FRCP 67(a) and CPLR §§ 5020 and 5021, authorizing the Defendants to deposit the Federal Court Judgment amount, plus interest and allowed attorneys fees with the Court Clerk, if necessary, and directing plaintiff Citizens & Northern Bank (the "Bank") to execute and deliver a satisfaction of judgment to the Defendants with respect to the Federal Court Judgment; (iv) pursuant FRCP 66 and CPLR § 5228, discharging the Receiver in this case; and (v) granting such other and further relief the Court deems just and proper.

Hill Aff. ¶ 2, Sept. 5, 2012, ECF No. 74. For the reasons stated below, the application is granted in part.[1]

## BACKGROUND

Citizen's and Northern Bank ("the Bank") filed its complaint against Pembrook and Robert J. Pfuntner (collectively "Borrowers") on July 30, 2009. In the complaint, the Bank alleged facts supporting diversity jurisdiction and claimed that Pembrook and Pfuntner had defaulted on loans the Bank made to them. On March 15, 2010, the Clerk entered a default against the Borrowers. Subsequently, the Bank moved for a default judgment. Default Judgment, July 29, 2010, ECF No. 5. The Court ordered the Clerk to enter judgment for the Bank against both defendants in the amount of $233,479.35, plus interest from March 12, 2010, through the date the judgment was entered, at a rate of $25.38 per day. Decision and Order, Sept. 7, 2010, ECF No. 6.

---

[1]The Court previously granted Pembrook's and Pfuntner's motion to conduct an expedited hearing, since the Receiver's sale is scheduled to conclude on September 27, 2012. *See* Order, Sept. 6, 2012, ECF No. 78.

On July 20, 2011, the Bank and the Borrowers signed a Forbearance Agreement which, by its terms, terminated on  January 31, 2012 or upon breach or default by the Borrowers, whichever occurred earlier. In early January 2012, the Bank,  in accordance with Federal Rule of Civil Procedure 69(a), sought the appointment of a Receiver pursuant to section 5228 of the New York Civil Procedure Law and Rules, Motion to Appoint Receiver, Jan. 4, 2011, ECF No. 9. In an affidavit filed in support of the Bank's motion, William H. Baaki, Esq., stated that the Borrowers owned and operated radio stations and held licenses from the Federal Communications Commission ("FCC"), and that Pembrook was still generating revenue from its operation of the radio stations. Baaki Aff. ¶¶ 5–6. Further, Mr. Baaki stated that since the radio station licenses were unique properties, the execution of the judgment against the assets would not achieve as high a value as a private sale conducted by a Receiver, who was knowledgeable about the sale of FCC broadcast licenses and could ensure compliance with FCC rules pertaining to the sale of those licenses. *Id.* ¶ 11.

In regard to the Bank's application for a Receiver, the Court issued an Order to Show Cause, which was personally served on Pembrook and on Pfuntner on February 11, 2011. At the Show Cause hearing on February 18, 2011, Mr. Baaki appeared for the Bank and no one appeared for either of the defendants. Consequently, on March 1, 2012, ECF No. 21, the Court appointed Richard A. Foreman as Receiver over Pembrook ("Receiver Order"). The appointing order also restrained anyone but Mr. Foreman from filing a bankruptcy petition on behalf of Pembrook ("the Bankruptcy Injunction").

On March 8, 2012, Pembrook filed a Chapter 11 voluntary petition in the Bankruptcy Court, Western District of New York. *In re Pembrook Pines Mass Media, N.A., Corp.*, No.

2-12-20379-PRW (Bk. W.D.N.Y. Mar. 8, 2012). The Bank moved to dismiss the petition based upon the terms of the Court's Order containing the Bankruptcy Injunction. On March 16, 2012, the Honorable Michael J. Kaplan suspended the proceedings in the Bankruptcy case,  pursuant to Section 305(a) of the Bankruptcy Code,  and relieved the Bank of the automatic stay, "in recognition of the Order Appointing Receiver…" entered in this case. Order Granting in Part Motion of Citizens & Northern Bank for an Order (A) Dismissing the Chapter 11 Case, or, in the Alternative, (B) Providing Relief from the Automatic Stay, or, in the Alternative, (C) Providing Adequate Protection and Continuing the Receivership, *In re Pembrook Pines Mass Media, N.A., Corp.*, No. 12-20379 (Bk. W.D.N.Y. Mar. 16, 2012). This Court subsequently held that only the Receiver was authorized to file a Bankruptcy petition on Pembrook's behalf. Decision and Order, Apr. 3, 2012, ECF No. 38.

The Receiver has proceeded with obtaining bids for the radio station properties, and has entered into leases for the land on which the radio stations and the transmitting antennae are located, since the land was owned by Pfuntner and no leases had been put in place. The Court held oral argument on this motion on September 14, 2012, and heard from the Receiver and his two counsel, and counsel for the parties. Defendants argue that by offering to pay the debt in full, including interest and reasonable attorney's fees (to be determined by the Court), they are entitled to a satisfaction of judgment and the closure of this case.[2] Plaintiff, on the other hand, argues that because Defendants owe other debts than the one specifically mentioned in the complaint in this action, the Receiver should be empowered to go forward with the asset sale, which they estimate would net approximately

---

[2]Defense counsel represent that Pfuntner has borrowed money from friends and that counsel has $400,000 in escrow to back up their offer.

$600,000 in proceeds to be used to pay off not only this debt, but to pay towards Defendants' remaining debts, including more than one million dollars to Plaintiff. Plaintiff commenced a foreclosure action in State court and that court appointed a referee to sell the property, after which the State court will determine whether there remains a deficiency to be reduced to judgment. Finally, Plaintiff has filed a motion with this Court asking for an order extending the Receiver's commission to cover the State judgment as well as the default judgment entered here in Federal court.

## STANDARDS OF LAW

Federal Rule of Civil Procedure 69 provides the procedures for collection of judgments. It states in pertinent part as follows:

> (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Pertinent New York law provides as follows:

> § 5020.  Satisfaction-piece
>
> (a) Generally.  When a person entitled to enforce a judgment receives satisfaction or partial satisfaction of the judgment, he shall execute and file with the proper clerk pursuant to subdivision (a) of section 5021, a satisfaction-piece or partial satisfaction-piece acknowledged in the form required to entitle a deed to be recorded, which shall set forth the book and page where the judgment is docketed. A copy of the satisfaction-piece or partial satisfaction-piece filed with the clerk shall be mailed to the judgment debtor by the person entitled to enforce the judgment within ten days after the date of filing….
>
> (c) When the judgment is fully satisfied, if the person required to execute and file with the proper clerk pursuant to subdivisions (a) and (d) hereof fails or refuses to do so within twenty days after receiving full satisfaction, then the judgment creditor shall be subject to a penalty of one hundred dollars recoverable by the judgment debtor pursuant to Section 7202 of the civil practice law and rules or article eighteen of either the New York City civil

court act, uniform district court act or uniform city court act; provided, however, that such penalty shall not be recoverable when a city with a population greater than one million persons is the judgment creditor, unless such judgment creditor shall fail to execute and file a satisfaction-piece with the proper clerk pursuant to subdivisions (a) and (d) hereof within twenty days after having been served by the judgment debtor with a written demand therefor by certified mail, return receipt requested.

N.Y. C.P.L.R. § 5020.

Section 5240 of the New York Civil Practice Law and Rules provides, in pertinent part: "The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure." N.Y. C.P.L.R. § 5240.

## ANALYSIS

In the Orders[3] appointing a Receiver submitted by Plaintiff's counsel for the Court's consideration, the following pertinent language appears:

ORDERED that Richard A. Foreman shall serve as Receiver over Pembrook Pines Mass Media, N.A., Corp. ("Pembrook"), pending the final disposition of this action…(vii) collect, improve, lease, repair and sell Pembrook assets necessary to satisfy the Judgment entered in this case…. To effectuate the foregoing, the Receiver is empowered to: [list of enumerated powers].

* * *

ORDERED that Richard A. Foreman shall serve as Receiver over the following assets of Robert J. Pfuntner ("Pfuntner Assets"): [list of enumerated assets]…pending the final disposition of this action to…collect, improve, lease, repair and sell the Pfuntner Assets necessary to satisfy the indebtedness of Defendants owed to Plaintiff…. To effectuate the foregoing, the Receiver is empowered to: [list of enumerated powers].

---

[3]Plaintiffs submitted two orders: one for a receivership over the commercial properties, and a second  one for a receivership over Pfuntner's property. The second one was necessary after the Receiver discovered that the radio stations and antennae were on property Pfuntner owned and were not leased to the radio stations, thereby significantly diminishing the value of the radio stations.

Order at 1–2, Mar. 3, 2012, ECF No. 21; Order at 1–2, Apr. 17, 2012, ECF No. 41.

The Court's purpose in appointing the Receiver was to satisfy the Federal judgment entered by this Court. Since that purpose can be accomplished without the sale of assets planned for later this month, the Court will grant Defendants' application to stay the sale, and, eventually, relieve the Receiver.

The judgment amount is $238,326.93, which includes pre-judgment interest. Judgment, Sept. 17, 2010, ECF No. 7. Post-judgment interest on a judgment in Federal court accumulates at the rate specified in 28 U.S.C. § 1961,[4] which, in this case, is 0.26%. Defendants have moved, pursuant to Federal Rule of Civil Procedure 60, to correct the judgment to indicate the post-judgment interest rate of 0.26%, and that motion is granted.

The elapsed days from entry of judgment until Friday, September 21, 2012, is 735. Annual interest on the judgment amounts to $619.65 ($238,326.93 x 0.0026 = $619.650018). Dividing the annual amount by 365 shows the daily interest rate to be $1.70 ($619.65 ÷ 365 days = $1.697671232876712 per day). Multiplying the daily rate by the number of days since judgment was entered shows that post-judgment interest on Friday, September 21, 2012, will be $1,249.50 ($1.70 x 735 days = $1,249.50). Thus, the judgment with pre- and post-judgment interest to September 21 will amount to $239,576.43.

The Court has set September 27, 2012, for oral argument on Plaintiff's request for Attorneys' Fees and Expenses. The total amount requested, both in the recent application, filed August 14, 2012, ECF No. 68 ($87,390.79), and the earlier application, filed on

---

[4]"[I]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield , as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (2012). Interest is computed daily. § 1961(b).

September 30, 2010, ECF No. 8 ($27,400.00), totals $114,790.79.[5] Were the Court to grant both applications in their entirety, then the judgment and attorney's fees and expenses through September 21, 2012, would total $354,367.22.

Plaintiff has argued that even if the judgment and fees are paid in full, the Court should nevertheless keep the Receiver in position to ensure Defendants' assets remain available to satisfy debts of other creditors, including Defendants' obligations to Plaintiff that are not the subject of this lawsuit. The Court is not persuaded by the case cited by Plaintiff in support of its proposition, *Brown v. Lake Superior Iron Company*, 134 U.S. 530 (1890). In *Brown*, "two of the appellees" "filed their bill against the appellant, in the Circuit Court of the United States for the Northern District of Ohio." The appellant, was an Ohio corporation owing money to three creditors, "two holding claims evidence by notes not then due, and the other…holding a judgment." *Id*. at 531. The creditors sought the appointment of a receiver, and "a supplemental bill was filed making other parties defendants.…" *Id*. The appellant, who had not objected to the proceedings up to that point, had a change of tactics, and went into state court and confessed judgment to several of the creditors, then deposited enough money in the Circuit Court "to pay off the judgment in favor of the Concentrating Company," the creditor who had a judgment in hand. The appellant then asked the Circuit court to discharge the receiver, since the other creditors had not taken the steps necessary to reduce their debts to judgments, thus, had a remedy at law which, the appellant argued, precluded the equitable relief they were seeking from the Circuit Court.

---

[5]Plaintiff is also asking for "reasonable attorneys' fees and expenses incurred on and after August 1, 2012." Baaki Decl. ¶ 27, Aug. 14, 2012, ECF No. 68-1. No detailed application has been submitted for any such attorney's fees as yet.

The Supreme Court affirmed the Circuit court's decision to deny the appellant's motion to dismiss the receiver, holding that, "'[h]e who seeks equity must do equity,' is appropriate to the conduct of the defendant as to that of the complainant; and it would be strange if a debtor, to destroy equality and accomlish partially, could ignore its long acquiescence and plead an unsubstantial technicality to overthrow protracted, extensive and costly proceedings carred on in reliance upon its consent." *Id*. at 535.

Here, in contrast to *Brown*, only one defendant and one debt are at issue. Though Plaintiff has moved this Court to extend the receivership to the state court action, it has not provided any jurisdictional basis for doing so. Consequently, *Brown* does not dictate that the receivership remain intact to benefit potential creditors who have not appeared in this action, *especially* considering that the Court's Orders, prepared by Plaintiff, limited the receiver's charge to satisfying the default judgment in this case. Plaintiff asked for that relief, and will obtain that relief.[6]

Pursuant to New York Civil Procedure Law and Rules § 5021, the Court orders Defendants to pay into the Clerk of the United States District Court for the Western District of New York, the entire amount now held in escrow ($379,500.00), and, when released, the additional amount being held by the Receiver as a deposit ($20,500.00), to ensure sufficient funds are available for Plaintiff should the Court grant all the requested fees. Once the

---

[6]Plaintiff's application made clear that the appointment of the Receiver was sought to satisfy the judgment in this case: "Because the Judgment is substantial – $233,479.35, plus interest from March 12, 2010 through September 17, 2010 at a rate of $25.38 per day – it is C&N's intention for the Receiver to sell assets of defendants/judgment debtors *to satisfy the Judgment*." Bakki Aff. ¶ 9, Jan. 4, 2011, ECF No. 9-1 (emphasis added), and "C&N respectfully requests that a Receiver be appointed to administer, collect, improve, lease, repair and sell defendants/judgment creditors' assets, including any radio stations and FCC licenses, and any other personal property, *necessary to satisfy the Judgment*." *Id*. ¶ 13 (emphasis added).

deposit is verified by the Clerk, then the Court will direct discontinuance of the sale, and relieve the Receiver with the gratitude of the Court.

**CONCLUSION**

Defendants' application, ECF No. 74, is granted. Accordingly, it is hereby

ORDERED, that the Court's Decision and Order, Sept. 7, 2010, ECF No. 6, and the Clerk's Judgment, Sept. 17, 2010, ECF No. 7, are amended to show that the post-judgment interest is granted pursuant to 28 U.S.C. § 1961; and it is further

ORDERED, that Defendants deposit with the Clerk of the United States District Court for the Western District of New York $379,500.00; and it is further

ORDERED, that the Receiver forthwith release the deposit held by him amounting to $20,500.00 paid to him by Defendants; and it is further

ORDERED, that Defendants deposit with the  Clerk of the United States District Court for the Western District of New York $20,500.00; and it is further

ORDERED, that the Clerk forthwith inform the Court and the parties when the amounts ordered deposited have been so deposited; and it is further

ORDERED, that the Clerk hold the total funds deposited in an interest bearing account pending further order of the Court; and it is further

ORDERED, that post-judgment interest on the judgment amount will continue to accrue until finally paid to Plaintiff; and it is further

ORDERED, that once the Clerk verifies to the parties that the deposits ordered above have been made, Defendants shall submit directly to the Court by hand delivery, and serve on Plaintiff, a proposed order staying the asset sale; and it is further

ORDERED, that once the Clerk verifies to the parties that the deposits ordered above have been made, Defendants shall submit directly to the Court, and serve on Plaintiff, a proposed order relieving the receiver and directing payment of his final expenses; and it is further

ORDERED, that the motion hearing on Plaintiff's applications for an award of attorney's fees shall remain set for September 27, 2012, at 2:30 PM.

IT IS SO ORDERED.

Dated:  September 20, 2012
        Rochester, New York

ENTER:

 /s/ Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge